**Sandra Gustitus, WSBA #49527**
E-mail: sgustitus@northwestlaw.com
Chenoweth Law Group, PC
510 SW Fifth Avenue, Fourth Floor
Portland, OR  97204
Telephone:  (503) 221-7958
Facsimile:  (503) 221-2182

    Of Attorneys for Plaintiff, Anay Singh

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **ANAY SINGH,**<br><br>                **Plaintiff,**<br><br>    v.<br><br>**MEDOVA HEALTHCARE FINANCIAL GROUP, LLC,**<br><br>                **Defendant.** | Case No.<br><br>**COMPLAINT**<br><br>ERISA Claim for Benefits<br>29 U.S.C. § 1132(a)(1)(B)<br><br>JURY TRIAL REQUESTED |

Plaintiff Anay Singh ("Plaintiff") alleges as follows:

**THE PARTIES**

1.

Plaintiff is a resident of Clark County, Washington and is domiciled in Washington.

2.

Medova Healthcare Financial Group ("Medova") is a foreign limited liability company with its principal place of business headquartered in Wichita, Kansas.

Page 1 -   **COMPLAINT**

3.

Plaintiff was a beneficiary of NetCompliance Environmental Services, LLC's ("NCES") employer sponsored health insurance plan (the "Plan").

4.

The Plan is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. § 1002(1).

5.

Plaintiff was provided coverage under the Plan as a result of being the spouse, Naresh Singh, who was at all material times, employed with NCES.

6.

NCES was the sponsor of the Plan.

7.

NCES was the Plan administrator and a fiduciary of the Plan.

8.

Care Advocates, LLC was a third-party administrator of the Plan to perform claims processing other specified services in relation to the Plan.

**JURISDICTION**

9.

This Court has federal question jurisdiction over the parties pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f).

**VENUE**

10.

Venue in this District is proper under 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391.

11.

The circumstances surrounding this dispute occurred in Clark County, Washington.

## CLAIMS AGAINST MEDOVA

ERISA Claim for Benefits – 29 U.S.C. § 1132(a)(1)(B)

12.

On October 17, 2017, Plaintiff was admitted to Pacific Specialty and Rehab Care ("PSRC") for inpatient skilled rehabilitation, in accordance with her treating physician's orders.

13.

On March 7, 2018, Plaintiff was discharged from PSRC in order to receive medical care.

14.

On March 12, 2018, Plaintiff was again admitted to PSRC for skilled nursing rehabilitation.

15.

The coverage provided by the Plan was in full force and effect at the time Plaintiff was admitted to PSRC.

16.

Under the terms, conditions, limitations, and exceptions contained in the Plan, the Plan provided Plaintiff with skilled nursing care, if without such care Plaintiff would require an inpatient hospital stay.

17.

Medova denied skilled nursing care benefits from January 27, 2018 through March 7, 2018, and denied coverage for March 12, 2018 through March 28, 2018, on the basis that Plaintiff's care was not medically necessary.

18.

The Plan's Coverage includes, "[s]killed nursing care in a Nursing Care Facility provided that without such care the patient would require an inpatient Hospital stay, up to the maximum(s) shown on the Schedule of Benefits."

19.

Defendant's April 12, 2018 denial letter explained, "[t]his review indicates: medical necessity is not met for in-patient hospital skilled nursing rehabilitation because medical status remains at post stroke baseline and member is dependent on staff for all activities of daily living despite previous therapies administered."

20.

Defendant's May 10, 2018 denial letter explained, "[t]his review indicates: medical necessity is not met for in-patient hospital skilled nursing rehabilitation because medical status remains at post stroke baseline and member is dependent on staff for all activities of daily living despite previous therapies administered."

21.

Defendant's coverage determination was contrary to the Plaintiff's physician's orders, which called for skilled nursing care.

22.

On October 3, 2018 Plaintiff appealed defendant's denial of coverage.

23.

On December 14, 2018 MES Solutions, a third-party review provider, affirmed the denial ("Final Denial").

24.

Defendant offered no additional appeal procedures for the denial asserted in the Final Denial.

25.

Plaintiff has performed all conditions precedent for coverage under the Plan.

26.

Plaintiff has exhausted all administrative remedies to appeal defendant's denial of coverage under the Plan.

27.

Defendant has failed and refused to pay Plaintiff's benefits owed under the Plan from January 27, 2018 through March 7, 2018, and denied coverage for March 12, 2018 through March 28, 2018.

28.

By denying Plaintiff coverage of skilled nursing care expenses, defendant has violated and continues to violate ERISA, 29 U.S.C. § 1132 (a)(1)(B).

29.

The administrative record does not support a reasonable justification that Plaintiff's skilled nursing care was not medically necessary.

30.

Under the terms, conditions, limitations, and exceptions contained in the Plan, Plaintiff is entitled to skilled nursing care coverage benefits for the time periods of January 27, 2018 through March 7, 2018, and March 12, 2018 through March 28, 2018.

31.

As a result of the denial of Plan benefits by defendant, Plaintiff suffered damages in the amount of at least $48,234.12.

32.

Plaintiff is entitled to prejudgment interest at the legal rate of six percent (6%) per annum that has accrued on each past due benefit under the Plan from January 27, 2018 until paid.

33.

Plaintiff has been required to retain the services of an attorney in this matter and the Court should exercise its authority to award Plaintiff his reasonable attorney fees incurred herein pursuant to 29 U.S.C. § 1132(g)(1).

34.

WHEREFORE, Plaintiff prays for a judgment awarding the following relief:

1. Economic damages in the amount of no less than $48,234.12, to be determined at trial;
2. Costs and disbursement incurred herein;
3. Pre-judgment and post-judgment interest;
4. Attorney's fees; and
5. Any other such relief this Court deems just and proper.

DATED: May 24, 2019

CHENOWETH LAW GROUP, PC

*s/Sandra S. Gustitus*
Sandra Gustitus, WSBA #49527
Telephone: (503) 221-7958